IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICKELS AND DIMES INCORPORATED, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRENT AUGENSTEIN, d/b/a, TILT AMUSEMENTS, an Ohio Citizen,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>**[JURY DEMAND ENDORSED HEREON]** |

Plaintiff, Nickels and Dimes Incorporated ("Plaintiff"), for its Complaint for trademark infringement and unfair competition against Defendant, Trent Augentstein, d/b/a TILT Amusements ("Defendant"), states and alleges as follows:

## STATEMENT OF THE CASE

1. Plaintiff owns and operates video game arcades and buys, sells and services pinball machines under the names TILT and TILT Studio.

2. Plaintiff owns the following U.S. federal trademark registrations: TILT, U.S. Registration #1349997, for providing amusement arcade game facility entertainment services; TILT STUDIO, U.S. Registration #4082468, for among other things, providing entertainment services in the nature of amusement arcade game facilities; entertainment services in the nature of indoor amusement complexes; entertainment in the nature of amusement park rides; entertainment services, namely, arranging and providing rides and theme park attractions for children, miniature golf facilities, and bowling alleys; and TILT, U.S. Registration #4758443 for

1

providing amusement arcade game facility entertainment services. True and correct copies of the registration certificates are attached hereto as <u>Group Exhibit A</u>.

3. Plaintiff owns the State of Ohio registered trade name TILT STUDIO, number 2386282, registered on April 17, 2015. A true and correct copy of the registration certificate is attached hereto as <u>Exhibit B</u>.

4. Plaintiff began using the TILT trademark at least as early as 1977.

5. Plaintiff has over twenty (20) locations throughout the U.S., including two (2) within the State of Ohio, all operated using the name TILT.

6. Plaintiff has made substantially and continuous exclusive use of the TILT name in commerce for forty one (41) years. Over that time, TILT has expended hundreds of thousands of dollars advertising and promoting its mark, TILT.

7. Defendant, operating under the name TILT AMUSEMENTS, intentionally chose to adopt and incorporate the name TILT for his business buying, selling, servicing and trading in pinball machines.

8. Defendant's mark is confusingly similar to Plaintiff's federally registered trademark "TILT."

9. The two marks are used in connection with the sale of identical goods, in nearly identical channels of trade, and are confusingly similar in overall sound, meaning and commercial impression.

10. Defendant displays the TILT trademark on his website, located at tiltamusements.com, in the same font size and font style as Plaintiff, adding to the overall visual similarity and commercial impression of Defendant's use. True and correct copies of the home page of Plaintiff's web site and Defendant's web site are attached hereto as <u>Group Exhibit C</u>.

## JURISDICTION AND PARTIES

11. Nickels and Dimes Incorporated is a corporation organized under the laws of the State of Illinois and having its principal place of business in Celina, Texas.

12. On information and belief, Defendant Trent Augentstein is an Ohio Citizen having a principal place of business in the State of Ohio at 3087 Russell Rd., Ostrander, OH 43061.

13. On information and belief, Trent Augentstein conducts business under the assumed name of TILT AMUSEMENTS and "Tilt Amusements, Inc."

14. On information and belief, Defendant has not incorporated or organized any business entity named Tilt Amusements nor registered any assumed name incorporating Tilt Amusements in the State of Ohio.

15. On information and belief, Defendant operates an Internet web site located at http://www.tiltamusements.com, where Defendant advertises and promotes his business buying, selling and servicing pinball machines.

16. On information and belief, Defendant's Internet marketing efforts are designed specifically to cause confusion among consumers who search for information about Plaintiff and its goods, over the Internet.

17. On information and belief, Defendant intentionally uses Plaintiff's TILT trademark on the Internet web site www.tiltamusements.com, and in his advertising and marketing to cause a false association with Plaintiff's TILT mark.

18. Both parties utilize the most popular online marketing techniques, including online advertising through Google, Yelp, Instagram and Facebook to promote the TILT trademark.

19. Plaintiff distributes physical and electronic advertisements bearing the trademark.

20.     This Court's jurisdiction arises under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This Court also has jurisdiction over all other claims herein because this is a civil action between citizens of different states and the amount in controversy exceeds seventy five thousand dollars, exclusive of costs in accordance with 28 U.S.C. § 1332. This Court also has jurisdiction because the Defendant is a citizen of the State of Ohio. This Court also has pendent jurisdiction over all other claims in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

## VENUE

21.     Venue is proper pursuant to 28 U.S.C. § 1391(b).

## DEFENDANT'S USE OF TILT AMUSEMENTS

22.     On information and belief, Defendant intentionally adopted the name TILT AMUSEMENTS because it is nearly identical in appearance, sound and commercial impression to Plaintiff's TILT trademark.

23.     On information and belief, Defendant intentionally adopted the name TILT AMUSEMENTS for the purposes of free-riding on the goodwill of Plaintiff's TILT trademark.

24.     On information and belief, Defendant intentionally adopted the name TILT AMUSEMENTS for the purposes of causing a false association in the minds of consumers with Plaintiff's TILT trademark.

25.     Defendant registered the domain name www.tiltamusements.com for the purposes of unfairly confusing consumers and causing initial interest confusion to consumers searching for TILT using the phrase "TILT" over the Internet.

26.     Defendant's use of the Internet domain name www.tiltamusements.com has caused and continues to cause actual consumer confusion every time an Internet user types Plaintiff's trademark into a web browser.

4

27. Plaintiff's customers are highly mobile and are likely to use their mobile phones to search for information about Plaintiff and its arcades, provide reviews, and connect with other customers over the Internet and through various web sites and social and communications platforms.

28. Defendant is intentionally using a trademark that is nearly identical to Plaintiff's TILT trademark in the United States to unfairly compete with TILT.

29. On information and belief, Defendant named its business TILT AMUSEMENTS to intentionally free-ride on the goodwill associated with Plaintiff's TILT mark, and to confuse consumers into thinking that TILT has endorsed or approved, or is in some way associated with, Defendant's business, when it has not and is not.

30. Defendant's use of TILT AMUSEMENTS on or in connection with the buying, selling and servicing of pinball machines is likely to cause consumer confusion, mistake and deception.

31. Defendant's use of TILT AMUSEMENTS on or in connection with Internet advertising has actually caused consumer confusion, mistake and deception.

32. Defendant's use of TILT AMUSEMENTS creates a false designation of origin and causes consumer confusion insofar as it creates an impression that TILT approves, endorses or is connected to Defendant, when it is not.

33. Defendant's use of TILT AMUSEMENTS creates a false designation of origin and causes consumer confusion because any consumer that searches the Internet for information about TILT will find Defendant and the www.tiltamusements.com Internet web site, and see the TILT mark displayed in a confusingly similar manner.

34. TILT has been harmed by Defendant's use of TILT AMUSEMENTS.

35.     TILT will continue to be harmed by Defendant's use of TILT AMUSEMENTS unless the Defendant is enjoined from further use of the word TILT.

36.     Counsel for the Plaintiff engaged in telephone discussions with Defendant during which Defendant conclusively communicated his refusal to change his business name.

37.     TILT now brings this action to enforce its trademark rights against Defendant, seeking a finding of: (1) federal trademark infringement; (2) unfair competition under Sec. 43(a) of the Lanham Act; (3) state trademark infringement; and (4) dilution.

**COUNT I**
**(Trademark Infringement – 15 U.S.C. §1125(a))**

38.     Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 37 as if fully restated herein.

39.     Plaintiff owns TILT, U.S. Registration #1349997, TILT STUDIO, U.S. Registration #4082468, and TILT, U.S. Registration #4758443 for, *inter alia*, arcades and related entertainment services, including operating arcades and providing related entertainment services includes buying, selling and services pinball machines.

40.     Plaintiff has advertised and continues to advertise its TILT mark electronically on its own web site at www.tiltstudios.com.

41.     Plaintiff has advertised and continues to advertise its TILT mark electronically on web sites such as Facebook, Twitter, Instagram and Yelp.

42.     Plaintiff has advertised and continues to advertise its TILT mark using leaflets, handbills and other print and display advertising in high-traffic retail malls.

43.     Plaintiff has advertised and continues to advertise its TILT mark in national publications relevant to consumers in general.

44. Defendant intentionally adopted Plaintiff's TILT mark when it started using the name TILT AMUSEMENTS for its business, knowing the TILT mark was a recognized, protected trademark owned by Plaintiff.

45. Defendant's use of TILT AMUSEMENTS causes confusion among consumers looking for Plaintiff's TILT mark.

46. The phrase TILT AMUSEMENTS is similar in sound, meaning and overall commercial impression to Plaintiff's registered marks, TILT and TILT STUDIOS.

47. Defendant's services include buying, selling and servicing pinball machines using the phrase TILT AMUSEMENTS; these services are identical to Plaintiff's services.

48. Plaintiff's and Defendant's customers and potential customers are identical.

49. Plaintiff's and Defendant's channels of trade are identical.

50. Consumers have been confused by Defendant's use of the phrase TILT AMUSEMENTS.

51. Defendant's use of TILT AMUSEMENTS has directly and proximately caused actual harm to Plaintiff, and will continue to cause actual harm unless the Defendant is enjoined from further use of the word TILT.

## COUNT II
### (Unfair Competition – 15 U.S.C. §1125(a))

52. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 51 as if fully restated herein.

53. Defendant is intentionally misleading and misdirecting consumers by using the word TILT in its business name and in its Internet domain name.

54. Defendant is intentionally misleading and misdirecting Internet users who use Plaintiff's company name as its domain name.

55. Internet users searching for TILT will find Defendant's web site located at tiltamusements.com.

56. Defendant displays the TILT trademark on its website, located at www.tiltamusements.com, in the same font size and font style as Plaintiff, adding to the overall visual similarity to Plaintiff's mark.

57. By engaging in online advertising using Plaintiff's TILT mark and confusing Internet users who search for Plaintiff's products, Defendant is making false statements of fact.

58. Defendant's online advertising has actually deceived or has the tendency to deceive a substantial segment of consumers searching for information about Plaintiff.

59. Defendant's deception is material in that it is likely to influence the purchasing decision, since consumers will be confused by the fact that these competitors use the word TILT in an identical manner, conveying similarity in sound, meaning and commercial impression, even though different.

60. Defendant caused the false advertisement and falsely advertised goods to enter interstate commerce by promoting his goods online via a web site, through various digital advertising platforms, and through use of the www.tiltamusements.com domain name.

61. Defendant's false advertising is confusing consumers and diminishing the ability of Plaintiff's mark to function as a unique source identifier. This harm is irreparable and Plaintiff is without an adequate remedy at law.

## COUNT III
**(Trademark Infringement under Ohio Law – R.C. 1329.01, *et seq*.)**

62. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 61 as if fully restated herein.

63. Trademark claims brought under R.C. 1329.65 or the common law of Ohio are generally analyzed under the same framework as claims for trademark infringement arising under § 32(1) of the Lanham Act. *See Rock and Roll Hall of Fame and Museum Inc.* v. Gentile Productions, 934 F. Supp. 868, 872 (N.D.Ohio 1996), vacated on other grounds by 134 F.3d 749 (6th Cir.1998); *see also Coca-Cola Co. v. Procter & Gamble Co.*, 822 F.2d 28, 29 (6th Cir.1987). A claim for trademark infringement arises under § 32(1) of the Lanham Act if the Plaintiff can demonstrate (1) ownership of a valid, registered trademark in connection with specific products or services, (2) continuous use of the marks, and (3) a likelihood of confusion among consumers due to the contemporaneous use of Plaintiff's marks by the Defendant in connection with similar products or services. 15 U.S.C. § 1114(1)

64. Plaintiff owns the State of Ohio registered trade name TILT STUDIO, number 2386282, registered on April 17, 2015 for use in connection with arcades.

65. Plaintiff has made substantial and continuous use of the TILT mark for decades throughout the U.S., including in Ohio.

66. The phrase used by Defendant, TILT AMUSEMENTS, is similar in sound, meaning, and overall commercial impression to Plaintiff's registered marks, TILT and TILT STUDIOS.

67. Defendant's services include buying, selling and servicing pinball machines using the phrase TILT AMUSEMENTS; these services are identical to Plaintiff's services.

68. Plaintiff's and Defendant's customers and potential customers are identical.

69. Plaintiff's and Defendant's channels of trade are identical.

70. Consumers have been confused or are likely to be confused by Defendant's use of the phrase TILT AMUSEMENTS.

9

71. Defendant's use of TILT AMUSEMENTS has directly and proximately caused actual harm to Plaintiff and will continue to cause actual harm unless the Defendant is enjoined from further use of the word TILT.

## COUNT IV
### (Dilution – 15 U.S.C. § 1125(c)(1))

72. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 71 as if fully restated herein.

73. Plaintiff's mark is famous: Plaintiff has used its mark since 1997, and has over twenty (20) locations, throughout the U.S.

74. Plaintiff's mark is inherently distinctive of Plaintiff's goods and services.

75. Plaintiff has acquired distinctiveness through Plaintiff's use.

76. Plaintiff has used TILT for over forty (40) years in connection with arcades and pinball machines.

77. Plaintiff expends several thousand dollars monthly to advertise the TILT mark.

78. Plaintiff advertises TILT in trade publications, online, at conferences, in newsletters and fliers.

79. If Defendant is allowed to use the phrase TILT AMUSEMENTS on his business, it will dilute Plaintiff's mark because it will lessen the ability of the TILT mark to exclusively identify Plaintiff.

80. Defendant adopted TILT after the mark was made famous as a source identifier of Plaintiff's goods and services.

81. Plaintiff began using TILT in as early as 1977.

82. Defendant did not adopt its mark TILT AMUSEMENTS until decades later. And long after Plaintiff's TILT trademark became famous in the arcade game industry.

83. If Defendant is allowed to continue to use the name TILT AMUSEMENTS, this will lessen the ability of TILT to function as a source identifier.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nickels and Dimes Incorporated respectfully requests that this Court enter an Order for:

(i) A determination that Defendant's use of the phrase TILT AMUSEMENTS is trademark infringement in violation of § 43(a) of the Lanham Act;

(ii) A determination that Defendant's use of the phrase TILT AMUSEMENTS is unfair competition under § 43(a) of the Lanham Act;

(iii) A determination that Defendant's use of the phrase TILT AMUSEMENTS is trademark infringement in violation of R.C. 1329.01, *et seq.*;

(iv) A determination that Defendant's use of the phrase TILT AMUSEMENTS is diluting the TILT mark in violation of § 43(c) of the Lanham Act;

(v) Preliminary and permanent injunctive relief prohibiting Defendant's use of the names TILT and/or TILT AMUSEMENTS;

(vi) An award of Plaintiff's actual damages to be proved at trial;

(vii) An award of a reasonable royalty to be proved at trial;

(viii) An award of Plaintiff's costs and reasonable attorneys' fees incurred in prosecuting this matter;

(ix) An award of the costs of corrective adverting in an amount equal to the amount spent by Defendant on any adverting incorporating the TILT mark;

(x) Defendant to transfer the registration of the Internet domain name tilktamusements.com to Plaintiff;

(xi) Prejudgment interest and costs; and

(xii) Such other relief the Court deems just and appropriate.

11

Respectfully submitted,

*/s/ Jessica A. Lopez*
Ronald S. Kopp (4950)
rkopp@ralaw.com
Jessica A. Lopez (90508)
jlopez@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700

**PHV APPLICATION TO BE SUBMITTED**
David M. Adler (Illinois Attorney No. 6242403)
David @adler-law.com
Adler Law Group
300 Saunders Road, Suite 100
Riverwoods, IL 60015
Telephone:  866.734.2568

*Attorneys for Plaintiff Nickels and Dimes Incorporated*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters and issues triable by jury in this action.

*/s/ Jessica A. Lopez*
Jessica A. Lopez